UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ASHIZAWA,<br><br>Plaintiff,<br><br>v.<br><br>CHIRSTOPHER ALBERTI, et al.,<br><br>Defendants. | Case No.17-cv-03223-EJD (HRL)<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE: REMAND** |

Defendants Christopher Alberti and Elizabeth Alberti ("Defendants") removed this unlawful detainer action from the Santa Clara County Superior Court. Defendants also seek leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP applications, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendants qualify financially for IFP status, and their IFP applications therefore are granted. Even so, they may not proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendants to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Defendants contend that "Federal question [jurisdiction] exists because Defendants' Demurrer . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." Dkt. No. 1, ¶ 10. However, allegations in a removal notice or in a demurrer cannot provide this court with federal question jurisdiction. Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Defendants fail to identify the citizenship of each party. But this is of no import, since the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper. Defendants are advised that future attempts to remove this matter may result in sanctions.

Because the defendants have declined the undersigned's jurisdiction, the clerk has reassigned this case to a district judge. Dkt. Nos. 6, 7, 8. The undersigned RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: 6/9/2017

HOWARD R. LLOYD
United States Magistrate Judge

3